[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Earl Williams, in his two count amended complaint seeks reconveyance or other equitable relief by or against the defendants, James and Annie Sanders, of certain real property alleged to be the subject of an oral agreement between the parties. The plaintiff alleges that the defendants were employed to manage and operate the plaintiff's business. In order to facilitate that relationship the plaintiff alleges he conveyed the property at issue subject to the agreement with the defendants that the property was to be used as a personal residence and that the defendants would reconvey said premises on demand if they did not use it for such purposes. The plaintiff alleges that the defendants now propose to build a business enterprise on the premises and that despite demand the defendants refuse to reconvey.
The defendants have filed an answer denying all material allegations of the complaint and raising the Statute of Frauds as a special defense, which has been denied by the plaintiff.
The defendants have filed this motion for summary judgment together with a memorandum of law, supporting documents and an affidavit of the defendant James Sanders. The plaintiff has CT Page 2881 filed a memorandum in opposition to the motion and an affidavit of the plaintiff.
The defendants argue that the Statute of Frauds bars plaintiff's claims and that the plaintiff will be unable to show that either the resulting trust exception or the confidential relations exception to the Statute of Frauds applies.
Summary judgment is appropriate when the pleadings, affidavits and other documentary proof submitted show that there is no genuine issue as to any material fact and that as a matter of law, the moving party is entitled to judgment. Wilson v. New Haven, 213 Conn. 277, 279 (1989). The motion is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried. Id. Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, the party moving for summary judgment is held to a strict standard of demonstrating his entitlement to summary judgment. Kakadelis v. DeFabritis, 191 Conn. 276, 282 (1983).
The moving party has the burden of showing the absence of any genuine issue as to all material facts which under applicable principles of substantive law entitle him to judgment as a matter of law. State v. Googin, 208 Conn. 606, 615 (1988). A material fact is defined as a fact that will make a difference in the result of the case. State v. Googin, supra, 619. The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. at 616.
The court's function in hearing a motion for summary judgment is not to decide issues of material fact but rather to determine whether any such issue exists. Nolan v. Borkowski,206 Conn. 495, 500 (1988).
Under the Statute of Frauds, oral agreements concerning interest in land are unenforceable. Hieble v. Hieble, 164 Conn. 56,59 (1972); Connecticut General Statutes 52-550. The Statute of Frauds, however, does not apply to trusts arising by operation of law. Hieble, supra, 59. A constructive trust may arise in connection with a conveyance of land by operation of law where there has been an abuse of confidential relations. See e.g., Reynolds v. Reynolds, 121 Conn. 153, 158 (1936). It arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. Filosi v. Hawkins, 1 Conn. App. 634, 638 (1984) citing Cohen v. Cohen,182 Conn. 193, 203 (1980). Essential to the constructive trust exception to the Statute of Frauds is a duty owed or a fiduciary or otherwise special relationship between the parties. Filosi, supra, 639. The court in Dunham v. Dunham, 204 Conn. 303 (1987) CT Page 2882 declined to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other. Id. at 320.
Whether a fiduciary or otherwise special relationship between the parties exists are considerations of a factual nature to be determined by the jury. Filosi, supra, 639; and see Dunham, supra, 320 (court affirming trial court's submission of issue to jury).
The plaintiff's affidavit raises genuine issues of material fact as to the nature of the relationship between the parties and whether or not a justifiable trust was confided in one side and a resulting superiority and influence on the other.
Therefore the defendants have failed to meet their burden of demonstrating the absence of any genuine issue of fact. The defendants' motion for summary judgment is denied.
WILLIAM L. HADDEN, JR. JUDGE