[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking to impose a constructive trust on a one-half interest in the family home which had been quitclaimed by the plaintiff mother to her daughter, the defendant. The mother, who had cancer, commenced CT Page 8015 this action seeking a reconveyance of the property prior to her death. Subsequently, he administrator of her estate has been substituted as the plaintiff herein.
The plaintiff claims that her daughter abused their confidential relationship in refusing to reconvey the property at her mother's request. The mother, whose deposition was taken prior to her death, testified that she executed the quitclaim deed of her one-half interest in the property, which had been built by she and her husband as a family home and owned in joint tenancy with right of survivorship, for two reasons. First, the mother who had worked almost all her life and had contributed to the property, intended to terminate the right of survivorship and convert the property into a co-tenancy, so that she could dispose of her half of the property as she wished. Second, at the time of the transfer, the mother acknowledged that she had used her daughter to complete certain projects around the property, such as cleaning out the husband's barn and landscaping, and allowed her daughter to confront her husband in ways that the mother was unwilling or unable to do. Both husband and wife acknowledged that their marriage was very stormy, but despite the verbal documents and the mother's constant threats of divorce, they were committed to each other and their marriage. The daughter, who had returned to live with her parents after a brief marriage ended tragically with her husband committing suicide, starting doing things her own way, contrary to her father's wishes, which caused a lot of anger and resentment. At one point, the father and daughter almost came to blows, and the mother decided she had to do something because she feared the husband might throw their daughter out of the home.
After consulting with an attorney, the mother learned that a quitclaim deed to the daughter was the only means to accomplish both purposes. The mother testified that, although the attorney advised her that this was a completed transfer of title, she nonetheless believed, based on conversations she had with her daughter, that her daughter would reconvey the property to her if she changed her mind. Thereafter, she did execute the quitclaim deed and caused it to be delivered to the daughter.
As the mother's illness progressed, tensions increased in the household, which now also included the son and his wife and the maternal grandmother, who had provided some of the funds for the purchase of the property and had always lived with the parties. The daughter also remarried, and her new husband came to live in the property CT Page 8016 as well.
Although the mother acknowledged her role in increasing the family difficulties and tension by transferring her interest in the property to the daughter, the rest of the family could not blame her because of her illness, and everyone started casting stones at each other. After the daughter remarried, the mother no longer felt responsible for insuring that the daughter had a place to live, believing this to be the responsibility of her new husband. Further, the mother recognized she had made a mistake and, despite continued threats of divorce, wanted to make things right by her husband before she died. She asked her daughter to reconvey the half interest in the property and when the daughter refused, commenced this lawsuit.
The daughter admits that many of the facts in this case are undisputed and admits that she and her mother enjoyed a close and confidential relationship. It is the daughter's position that the property was transferred to her, consistent with her mother's prior estate plan which made the daughter he primary beneficiary, and as such was conveyance of an absolute interest in the real estate. The daughter denies any agreement to reconvey the property.
The problem with the daughter's arguments is that, as a contemplated testamentary disposition, the mother had he right to change her mind prior to her death, just as she had the right to change her will or her beneficiaries of her insurance or other accounts. Further, this was clearly not an unconditional gift. Most obviously, the mother fully intended to remain in the property and treat it as her own during her lifetime, not as her daughter's. Lastly, the imposition of a constructive trust is not based on a promise to reconvey, but in duty or obligation to do so based upon the trust and confidence that the donor placed in the donee when making the transfer. In other words, whether or not the daughter expressly agreed to comply, he court finds that the evidence supports the conclusion that the mother wanted to retain control over the ultimate disposition of her property.
When a holder of legal title may not in good conscience remain a beneficial interest, equity converts him into a trustee. A constructive trust is a remedial device designed to prevent unjust enrichment. Cohen v. Cohen,182 Conn. 193 (1980). The trust is not based upon an express oral agreement by rather imposed upon the parties by equity, in order to work out justice. The basis of CT Page 8017 such a trust may be found in fraud, misrepresentation, imposition, circumvention, artifice, concealment or abuse of confidential relations. If one occupies a fiduciary relationship towards another who is in failing health and nearing the end and, taking advantage of these circumstances, obtains from the latter a conveyance on an oral promise to hold title for the benefit of that person or a third person, and afterwards repudiates the obligation thus assumed, that person is chargeable in equity with constructive fraud sufficient to establish a constructive trust. Worobey v. Sibieth, 136 Conn. 352. "A constructive trust arises `when the legal title of property is obtained by a person in violation, express or implied of some duty owed to the one who is equitably entitled'. 3 Pomeroy, Eq. Jur. (4th Ed.) page 270". Van Auken. v. Tyrrell130 Conn. 289, 291-92, as quote in CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555, 559. In a case such as this, it is unnecessary to find fraudulent intent for the imposition of a constructive trust. "Whether there are fraud at the inception or a repudiation afterward, the whole significance of such cases lies in the unjust enrichment of the grantee through his unconscionable retention of the trust re." Hiebble v. Hiebble, 164 Conn. 56. See also Farano v. Stephanelli, 183 N.Y.S.2d 707 (1954) (copy in file).
Here, the defendant admits a close and confidential relationship with her mother. It was because of this confidential relationship that the mother transferred the property to her daughter. Although one of the purposes was to provide for her daughter, another purpose was for the mother to obtain control over her property. The mother trusted and believed that the daughter would return the property to the mother if the mother so desired. The daughter breached this confidence by refusing to reconvey the property to her mother at her request. Having bought, paid for and worked for her interest in the property, the mother had the right to dispose of it as she chose, not the daughter. The daughter's retention of the property over her mother, the donor's, beneficial ownership after the mother changed her mind and intentions as to the ultimate recipient of her interest in the property, constitutes unjust enrichment. Equity will intervene to impose a constructive trust on he property and convey title to the mother's estate. The defendant is ordered to reconvey her interest in the property to the plaintiff's estate.
SEQUINO, J. CT Page 8018