[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[SUPPLEMENTAL MEMORANDUM OF DECISIONRE: APPLICATION FOR PREJUDGMENT ATTACHMENT]
On November 4, 1993, the plaintiff, Michael J. Dunbar as conservator of the estate of Sally M. Dunbar, filed an application seeking to attach property of the defendants, Jeremiah J. Dunbar and Catherine L. Dunbar, located at 335 Pumpkin Hill Road, Ledyard, Connecticut. In the underlying one-count complaint, the plaintiff alleges that the defendant Jeremiah J. Dunbar obtained a power-of-attorney from Sally M. Dunbar and caused the latter to execute a Statement of Intent to Gift whereby $69,020.00 was withdrawn from Sally M. Dunbar's funds. The plaintiff further alleges that Sally M. Dunbar was both physically and mentally ill at the time of the execution of the power-of-attorney and the gift, and that the defendants used undue influence to cause Sally M. Dunbar to execute these documents. The plaintiff seeks, among other things, an order impressing a trust on any funds removed from the estate of Sally Dunbar. CT Page 4634
A hearing on the plaintiff's application for prejudgment attachment was held by the court on December 6, 1993. Both oral testimony and documents were presented as evidence to the court. Among other things, the plaintiff submitted the defendant Jeremiah J. Dunbar's application for allowance of accounting which is now pending before the Groton Probate Court. The defendant Catherine L. Dunbar testified that she and her husband, Jeremiah J. Dunbar reside at the property located at 329 Pumpkin Hill Road, Ledyard, Connecticut. Catherine L. Dunbar also testified that the fair market value of the property located at 329 Pumpkin Hill Road, Ledyard, Connecticut is $159,900.00 and that the defendants owe $31,000 on their mortgage.
When ruling on an application for prejudgment remedy, the court must determine whether there is "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes § 52-278c(a)(2). "[P]robable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." [NewEngland Land Co. v. DeMarkey], 213 Conn. 612, 620, 569 A.2d 1098
(1990), quoting [Wall v. Toomey], 52 Conn. 35, 36 (1884). This is a flexible, common sense standard which requires the court to determine probable success by weighing probabilities. [New EnglandLand Co. v. DeMarkey], supra, 620. In determining whether there exists such probable success, "the trial court is vested with broad discretion which is not to be overruled in the absence of clear error." (Citations omitted.) [Three S. Development Co. v. Santore],193 Conn. 174, 176, 474 A.2d 795 (1984). The defendants assert that the plaintiff's application for prejudgment remedy should be denied because Public Act No. 93-301 entitled "An Act Concerning Homestead exemption for Residential Real Property," which amended General Statutes § 52-352a and replaced General Statutes § 52-352b, exempts their property from attachment. This Public Act became effective October 1, 1993 and affects any "lien for any obligation or claim arising on or after said date. Conn. Pub. Acts No. 93-301, § 3 (1993). The act exempts the homestead of the exemptioner from process or court order to the value of $75,000.00, the value of which is to be determined by the fair market value of the real property less the amount of any statutory or consensual lien on the property. Conn. Pub. Acts No. 93-301, § 2 (1993). General Statutes § 52-532a (e) defines homestead as "owner-occupied real property used as a primary residence." CT Page 4635
The legislative history of this Act reveals that it does not prohibit the placing of a lien on the property but prohibits the enforcement of the lien up to the amount of the exemption. [L. Suzio Asphalt Company, Inc. v. Ferriera Construction Corp.],10 Conn. L. Rptr. 264, 265 (October 19, 1993, DeMayo, J.). As such, the Act does not prevent the court from granting an prejudgment attachment on the defendant's property. Rather, the applicability of the Act becomes relevant if and when a plaintiff seeks to enforce a judgment by foreclosing upon a judicial lien on a defendant's property.
"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." See 5 Scott, Trusts (3d Ed.) § 462 p. 3413. The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. Id. The relationship between a parent and child is one that generates a "natural inclination to repose great confidence and trust." [Hieblev. Hieble], 164 Conn. 56, 61, 316 A.2d 777 (1972). Equity will intervene where confidence and trust are abused. [Cohen v. Cohen], supra, 204.
The defendants in the instant case are the son and daughter-in-law of Sally Dunbar. The plaintiff asks that the court impose a constructive trust in the favor of Sally Dunbar in the amount of $69,020.00; the amount transferred to the defendants from the accounts of Sally Dunbar. Based upon the broad discretion vested with the court in viewing the oral testimony and documents presented in this case, and mindful that the transfer of said sum depleted the assets of the estate, there is probable cause to believe that judgment will enter for the plaintiff. Therefore, the court grants the plaintiff's application for prejudgment remedy in the amount of $69,020.
Austin, J.