[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiffs seek to have a constructive trust imposed on the assets willed by their mother, Eleanor Killen, to her second husband, Arthur E. Killen, because Arthur E. Killen allegedly violated an agreement to leave those assets to the plaintiffs upon his own death. The defendant administrator of Arthur E. Rillen's estate filed, inter alia, special defenses alleging 1) that the plaintiffs' action is barred by the Statute of Frauds, General Statutes § 52-550; 2) that the action is barred by the Statute of Wills, General Statutes § 45a-251; and 3) that the agreement alleged in the complaint is void as against public policy as expressed in statutes such as General Statutes § 45a-251.
The plaintiffs filed a motion to strike the defendant's special defenses. The defendant did not file a memorandum in opposition to the motion to strike but did oppose the motion in court.
A motion to strike tests the legal sufficiency of a pleading. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,
CT Page 3756224 Conn. 210, 214-15, 618 A.2d 25 (1992). The motion is limited to the facts alleged in the complaint, which are construed most favorably to the nonmoving party. Id., 215.
"Equity employs the constructive trust to remedy the unjust enrichment which results when a testator leaves property to a person in reliance on that person's subsequently disregarded promise to convey the property to the testator's intended beneficiary." Starzec v. Kilda, 183 Conn. 41, 44, 438 A.2d 1157
(1981). "The statute of frauds and the statute of wills seek to effectuate the policies of safeguarding titles and frustrating fraudulent claims. Those statutes, however, do not apply to constructive trusts, which are implied by operation of law." Id., 45 n. 2. See also, Cohen v. Cohen, 182 Conn. 193, 202, 438 A.2d 55
(1980); Heible v. Heible, 164 Conn. 56, 59, 316 A.2d 777 (1972).
At oral argument, the defendant claimed that Starzec should be narrowly applied, but there is no such requirement apparent in Starzec, the facts of which are quite similar to those of the present case. The defendant's first and second special defenses should therefore be stricken. The third special defense alleges a violation of public policy and specifically relies on General Statutes § 45a-251, the statute of wills. This special defense should be stricken as well. Accordingly, the plaintiffs' motion to strike all of the defendant's special defenses is granted.
Jonathan E. Silbert, Judge