[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Defendant Catherine Jones (Jones) has filed a motion to strike, dated October 20, 2000, in which she seeks to have the first, second, and fifth counts of plaintiff's complaint stricken for failure to state claims for which relief can be granted. Also, she contends that part of the complaint's prayer for relief, which seeks the award of attorneys' fees, should be stricken as well, since there is no statutory or contractual CT Page 15890 basis on which to base such relief. As required by Practice Book §10-42, Jones filed a memorandum of law in support of her motion, and plaintiff (Poulos) has timely filed a memorandum in opposition. The motion was orally argued on November 6, 2000. For the reasons stated below, the motion is granted.
 I. Facts
In the first count of his complaint, entitled "Breach of Contract," Poulos alleges that, in February, 1961, he purchased property from Michael Palmero and paid the purchase price, but directed Palmero to convey the property to Jones, also known as Catherine Mecca, by warranty deed. (Complaint, first count, par. 2) Poulos alleges that Jones, at his request and as an accommodation to him, agreed to hold title to the property for him. (Complaint, first count, par. 3) He also claims that, since 1961, he "has paid all the expenses associated with the property." (Complaint, first count, Par. 4) Finally, as to the first count, Poulos alleges that he has demanded that Jones convey the property to him, but that she has failed and refused to do so. (Complaint, first count, par. 5)
In his second count, entitled "Constructive Trust," Poulos incorporates by reference the allegations of the first count and adds three additional paragraphs. In paragraph 6, Poulos alleges that he instructed Palmero to convey the property to Jones, "who agreed to hold the property in trust" for him and to convey it to him upon demand. (Complaint, second count, par. 6) In paragraph 7, Poulos alleges that Jones "has fraudulently refused to convey the property" to him. Finally, as to the second count, Poulos asserts that Jones will be unjustly enriched if she is allowed to keep the property. (Complaint, second count, par. 8)
The fifth count, entitled "Negligence," repeats paragraphs one through five of the first count and adds a paragraph 6: "The Defendant's has negligently failed to convey the property to the Plaintiff." This count contains no other allegations. Included in the prayer for relief, at paragraph 10, is a request for attorneys' fees. Annexed to the complaint is a copy of a deed, dated February 21, 1961, from a Michael Palermo to Jones, concerning real property located on South Washington Street in Plainville, Connecticut.
 II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 15891709 A.2d 558 (1998). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." LiljedahlBrothers, Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). A motion to strike admits all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 III. Discussion A.
"The defense of the Statute of Frauds may be raised by a motion to strike." (Internal quotation marks omitted.) Bombard v. IndustryRiggers, Inc., Superior Court, judicial district of Waterbury, Docket No. 97-0140181 (Jan. 5, 1998, Pellegrino, J.) Jones argues that the first count is legally insufficient since, although it is styled as a breach of contract claim, and the subject matter involves a parcel of real property, no allegation is made that Jones ever signed a writing concerning the same. See Jones' Memorandum of Law (Jones Memo.), pp. 3-4. Conn. Gen. Stat. Sec. 52-550(a) provides that: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . ." In response, Poulos, in his Memorandum of Law (Poulos Memo.), pp. 2-3, acknowledges the applicability of the Statute of Frauds, but contends that the part performance doctrine takes this situation outside the purview of the Statute.
Where one party has partly performed a contract to such an extent that the other party's repudiation of same would amount to a fraud, equity looks upon the agreement as removed from the Statute. See, Breen v.Phelps, 186 Conn. 86, 94, 439 A.2d 1066 (1986). "The acts of part performance must be of such a character that they can be reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute. [Citation omitted.] The question is whether the facts provable within the framework of the complaint, giving its allegations a construction as favorable to the CT Page 15892 plaintiff as reasonable, would bring his case within these principles." Id. Our Supreme Court noted that neither full payment of the purchase price, nor payment of property taxes on the land in question constituted sufficient acts of part performance to take a case out of the Statute. See id., 186 Conn. 94-95. In contrast, the construction of substantial improvements on the land and possession of the land were factual circumstances of enough significance to warrant removal from the Statute. Id. The court stated also that the modern trend is to focus on the concept as "an equitable doctrine designed to relieve one who has reasonably relied upon a promise of another from a substantial detriment entailed by the change of position so induced." Id., 186 Conn. 96
(footnote omitted).
Poulos cites the Supreme Court's earlier decision in Ubysz v.DiPietro, 185 Conn. 47, 440 A.2d 830 (1981), in support of his contention that his allegations are sufficient, arguing that there, a daughter's acts of maintaining her mother's home was sufficient to take an oral contract to devise her home to the daughter and her husband outside of the statute of frauds. In the present case, . . . Poulos has been responsible for maintaining the subject property of this action for about thirty years." He has paid the majority [of] the expenses of the property." Poulos Memo., p. 3.
The court is unpersuaded by this argument. In contrast to the facts inUbysz v. DiPietro, supra, Poulos has only alleged, in the complaint, that he paid the purchase price and, since 1961, he "has paid all the expenses associated with the property." In Ubysz v. DiPietro, the acts of part performance included that the decedent's daughter and her husband "performed many everyday routine jobs, including much of the driving for [her father]," had lived in the premises for years, and added improvements to the property. Id., 185 Conn. 50. After the father's death, the plaintiffs assisted the mother, who had become ill, "and continued to take care of the property." Id. Under these circumstances, the court found that the acts were "of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute." Id., 185 Conn. 54. The complaint before the court is devoid of such elements as possession, making improvements, and performing everyday tasks.
Poulos' allegation of payment of "all the expenses" pleads no facts to identify even a single item. "Such bald allegations are properly seen as legal conclusions. . . ." Genovese Enterprises v. Sphere Drake Ins., Superior Court, judicial district of Waterbury, Docket No. 128855 (September 9, 1996, Pellegrino, J.) (17 Conn.L.Rptr. 557) Also, the count does not state whether the property has been used as a residence, CT Page 15893 as a business, or has been vacant since it was purchased in 1961. As noted above, payment of significant items, such as the purchase price and property taxes, has been deemed to be insufficient as a matter of law to demonstrate enough part performance to take a case outside the Statute.
As also stated above, on a motion to strike, the court may not enlarge the allegations "by the assumption of any facts not therein alleged." Based on the pleading, the court is unable to ascertain what is meant by "expenses associated with the property" which were allegedly borne by Poulos. As a result, contrary to Poulos' argument, the count is insufficient to support a finding that the alleged expenditures can be accounted for in no other way than by the existence of a contract. Accordingly, the first count is stricken since it alleges an action based on an interest in real property without complying with the Statute of Frauds.
 B.
Jones moves to strike the second count, claiming that the facts alleged are insufficient to impose a constructive trust. Jones Memo., pp. 5-8. As our Supreme Court has written, quoting then-Judge Cardozo, "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." (Internal quotation marks omitted.) Cohen v. Cohen, 182 Conn. 193, 202, 438 A.2d 55
(1980).
Jones' argument is premised, in part, on the contention that a constructive trust may not be found where no intent to benefit a third party is at issue, citing Gulack v. Gulack, 30 Conn. App. 305, 620 A.2d 181
(1993). While that case does state that "[t]he elements of a constructive trust are the intent by a grantor to benefit a third person. . . .," id., 30 Conn. App. 310, the Supreme Court has found the existence of a constructive trust where no intent to benefit a third party was involved. See, Cohen v. Cohen, supra; Hieble v. Hieble, 164 Conn. 56,316 A.2d 777 (1972).
The argument is based also on the claim that the count contains only conclusory allegations, which are not sufficient to demonstrate that Jones acquired and retained the property unjustly. As noted above, paragraph 7 alleges that Jones "has fraudulently refused to convey the property to the Plaintiff."
In Hieble v. Hieble, supra, 164 Conn. 63, the court stated that ". . . in all cases where the claimed trust title to land is disputed, the facts CT Page 15894 from which such trust may be implied should be clearly and satisfactorily established." Here, Poulos has alleged that Jones acted "fraudulently," without setting forth the requisite factual bases for such a claim. "The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539,661 A.2d 530 (1995). The second count does not meet this standard. Therefore, the motion to strike this count is granted.
 C.
Jones also moves to strike the fifth count, which is based on claimed "negligence." Since the fifth count repeats the allegations of the first count and merely adds an additional paragraph which states that Jones "negligently failed to convey the property" to Poulos, it fails to satisfy the Statute of Frauds for the same reasons stated above concerning the first count. The motion to strike this count is granted.
 D.
In his response to the motion, Poulos Memo., p. 6, Poulos agreed that attorneys' fees are not authorized in this matter and that this portion of his prayer for relief may be stricken.
 IV. Conclusion
For the reasons outlined above, Jones' motion to strike is hereby granted. The first, second and fifth counts of the complaint and paragraph 10 of the prayer for relief are stricken. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT