[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Defendant Costos Jones (Jones) has filed a motion to strike (#110), CT Page 2564 dated November 21, 2000, in which he seeks to have the first, second, fifth, sixth, and seventh counts of plaintiffs second revised complaint, dated November 13, 2000 (complaint), stricken for failure to state claims for which relief can be granted. He contends also that part of the complaint's prayer for relief, which seeks the award of attorneys' fees, should be stricken also, since there is no statutory or contractual basis on which to base such relief. As required by Practice Book § 1042, Jones filed a memorandum of law in support of his motion, and plaintiff (Poulos) has timely filed a memorandum in opposition. The motion was orally argued on January 8, 2001. For the reasons stated below, the motion is granted in part and denied in part.
 I. Facts
In the first count of his complaint, entitled "Breach of Contract, " Poulos alleges that, in January, 1980, he purchased real property, paying one-half in cash and one-half by a purchase money mortgage. (Complaint, first count, ¶ 2) Poulos alleges that, at the time of the purchase, Jones, at Poulos' request, and "as an accommodation" to Poulos, "agreed to allow [Poulos] to put title in the defendant's name by tendering a warranty deed with the understanding that it would be re-conveyed upon demand." (Complaint, first count, ¶ 3) He also claims that, since January, 1980, he "has paid substantially all the costs associated with owning the property." (Complaint, first count, ¶ 4) Finally, as to the first count, Poulos alleges that Jones, on or about March 28, 2000, without Poulos' consent, permission, or authority, sold the property to the Town of Plainville (Town), thereby breaching their oral contract. (Complaint, first count, ¶¶ 5-6).
In his second count, entitled "Constructive Trust, " Poulos incorporates by reference the allegations of the first count and adds two additional paragraphs. In paragraph 7, Poulos alleges that Jones, despite demand, has failed or refused to turn over the sale proceeds to him. In paragraph 8, Poulos alleges that Jones "will be unjustly enriched if allowed to keep the proceeds of the sale."
The fifth count, entitled "Negligence, " repeats paragraphs one through six of the first count and adds a paragraph 7: "The Defendant was negligent and careless in that the Defendant retained the funds and when he knew or should have known the Defendant had no right title and interest to the funds and has refused to pay the Plaintiff."
In the sixth count, which is untitled, Poulos repeats the six paragraphs of the first count and adds that he has demanded the net proceeds of the sale, but that Jones has not conveyed the same to him. (Complaint, sixth count, ¶ 7) The seventh count, although entitled CT Page 2565 "Constructive Trust," contains allegations concerning violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a et seq. Poulos alleges that Jones is engaged in the real estate and construction industry in Connecticut. (Complaint, seventh count, ¶ 7) He further alleges that Jones has engaged in unfair and deceptive trade practices, including holding several pieces of property belonging to Poulos and failing to reconvey them on demand; selling the "Railroad piece" to the Town, without authority and without turning over the proceeds to Poulos; and breaching his fiduciary duty to Poulos concerning the various properties held in Jones' name for Poulos' benefit. Included in the prayer for relief, at paragraph 11, is a request for attorneys' fees.
 II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." LiljedahlBrothers, Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). A motion to strike admits all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 III. Discussion A.
"The defense of the Statute of Frauds may be raised by a motion to strike." (Internal quotation marks omitted.) Bombard v. IndustryRiggers, Inc., Superior Court, judicial district of Waterbury, Docket No. 97-0140181 (Jan. 5, 1998, Pellegrino, J.) Jones argues that the first count is legally insufficient since, although it is styled as a breach of contract claim, and the subject matter involves a parcel of real property, no allegation is made that Jones ever signed a writing concerning the same. See Jones' Memorandum of Law (Jones Memo.), pp. 3-4. CT Page 2566 General Statutes § 52-550 (a) provides that: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . ." In response, Poulos, in his Memorandum of Law (Poulos Memo.), pp. 2-3, acknowledges the applicability of the Statute of Frauds, but contends that the part performance doctrine takes this situation outside the purview of the Statute.
Where one party has partly performed a contract to such an extent that the other party's repudiation of same would amount to a fraud, equity looks upon the agreement as removed from the Statute. See, Breen v.Phelps, 186 Conn. 86, 94, 439 A.2d 1066 (1986). "The acts of part performance must be of such a character that they can be reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute. [Citation omitted.] The question is whether the facts provable within the framework of the complaint, giving its allegations a construction as favorable to the plaintiff as reasonable, would bring his case within these principles." Id. Our Supreme Court noted that neither full payment of the purchase price, nor payment of property taxes on the land in question constituted sufficient acts of part performance to take a case out of the Statute. See id., 186 Conn. 94-95. In contrast, the construction of substantial improvements on the land and possession of the land were factual circumstances of enough significance to warrant removal from the Statute. Id. The court stated also that the modern trend is to focus on the concept as "an equitable doctrine designed to relieve one who has reasonably relied upon a promise of another from a substantial detriment entailed by the change of position so induced." Id., 186 Conn. 96
(footnote omitted).
Poulos cites the Supreme Court's earlier decision in Ubysz v.DiPietro, 185 Conn. 47, 440 A.2d 830 (1981), in support of his contention that his allegations are sufficient, arguing that there, "a daughter's acts of maintaining her mother's home was sufficient to take an oral contract to devise her home to the daughter and her husband outside of the statute of frauds. In the present case, . . . Poulos has been responsible for maintaining the subject property of this action for about twenty years. He has paid the over-whelming majority [of] the expenses of the property." Poulos Memo., p. 3.
The court is unpersuaded by this argument. In contrast to the facts inUbysz v. DiPietro, supra, Poulos has only alleged, in the complaint, that he paid the purchase price and, since 1980, he "has paid substantially all the costs and expenses of the property." In Ubysz v. DiPietro, the CT Page 2567 acts of part performance included that the decedent's daughter and her husband "performed many everyday routine jobs, including much of the driving for [her father], " had lived in the premises for years, and added improvements to the property. Id., 185 Conn. 50. After the father's death, the plaintiffs assisted the mother, who had become ill, "and continued to take care of the property." Id. Under these circumstances, the court found that the acts were "of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute." Id., 185 Conn. 54. The complaint before the court is devoid of such elements as possession, making improvements, and performing everyday tasks.
Poulos' allegation of payment of "substantially all the costs" pleads no facts to identify even a single item. "Such bald allegations are properly seen as legal conclusions. . . ." Genovese Enterprises v. SphereDrake Ins., Superior Court, judicial district of Waterbury, Docket No. 950128855 (September 9, 1996, Pellegrino, J.) (17 Conn.L.Rptr. 557) Also, the count does not state whether the property has been used as a residence, as a business, or has been vacant since it was purchased in 1980. As noted above, payment of significant items, such as the purchase price and property taxes, has been deemed to be insufficient as a matter of law to demonstrate enough part performance to take a case outside the Statute.
As also stated above, on a motion to strike, the court may not enlarge the allegations "by the assumption of any facts not therein alleged." Based on the pleading, the court is unable to ascertain what is meant by "substantially all the costs" which were allegedly borne by Poulos. As a result, contrary to Poulos' argument, the count is insufficient to support a finding that the alleged expenditures can be accounted for in no other way than by the existence of a contract. Accordingly, the first count is stricken since it alleges an action based on an interest in real property without complying with the Statute of Frauds.
 B.
Jones moves to strike the second count, claiming that the facts alleged are insufficient to impose a constructive trust. Jones Memo., pp. 5-7. As our Supreme Court has written, quoting then-Judge Cardozo, "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." (Internal quotation marks omitted.) Cohen v. Cohen, 182 Conn. 193, 202, 438 A.2d 55
(1980). CT Page 2568
Jones' argument is premised, in part' on the contention that a constructive trust may not be found where no intent to benefit a third party is at issue, citing Gulack v. Gulack, 30 Conn. App. 305, 620 A.2d 181
(1993). While that case does state that "[t]he elements of a constructive trust are the intent by a grantor to benefit a third person. . . .," id., 30 Conn. App. 310, the Supreme Court has found the existence of a constructive trust where no intent to benefit a third party was involved. See, Cohen v. Cohen, supra; Hieble v. Hieble, 164 Conn. 56,316 A.2d 777 (1972).
The argument is based also on the claim that the count contains only conclusory allegations, which are not sufficient to demonstrate that Jones acquired and retained the property unjustly. As noted above, paragraph 3 alleges that Jones held title to the property as an accommodation to Poulos and paragraph 8 alleges that Jones will be unjustly enriched if he is allowed to keep the sale proceeds. Thus, Poulos sufficiently alleges that Jones received the sale proceeds by wrongful act. See Wendell Corporation Trustee v. Thurston, 239 Conn. 109,113, 680 A.2d 1314 (1996). The motion to strike the second count is denied.
 C.
Jones also moves to strike the fifth count, which is based on claimed "negligence." Since the fifth count repeats the allegations of the first count and merely adds an additional paragraph which states that Jones was "negligent and careless" in that he retained the funds from the sale to the Town and has refused to pay Poulos, it fails to satisfy the Statute of Frauds for the same reasons stated above concerning the first count. The motion to strike this count is granted.
 D.
Jones also argues that the sixth count should be stricken since it repeats the first count's allegations and only adds a paragraph alleging that Poulos has made demand for the sale proceeds, but Jones has not conveyed the same to Poulos. In essence, Jones asserts that this count, like the first count, alleges a breach of an oral contract, in violation of the Statute of Frauds. For the reasons stated above, concerning the first count, the motion to strike the sixth count is granted.
 E.
Jones claims that the seventh or CUTPA count should be stricken because it alleges a private dispute between "nonprofessionals" which is beyond CT Page 2569 CUTPA's purview. (Italics in original) Jones Memo., p. 14. Jones contends that none of the claims implicate any activity in trade or commerce. Jones Memo., p. 14.
The operative CUTPA provision, § 42-110b(a), states that "[n]o person shall engage in unfair methods of competition and unfair methods or deceptive acts or practices in the conduct of any trade or commerce." Trade or commerce is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a(4).
Both parties' memoranda acknowledge a split of authority in the Superior Court concerning whether CUTPA applies to a single sale of a residential dwelling. As noted in Holeva v. M Z Associates, Inc., Superior Court, Housing Session, judicial district of New Haven, No. 098403 (November 9, 1998, Levin, J.), "[t]hese cases are factually distinct from the present case because they are concerned with private persons engaged in transactions involving residential real estate rather than business persons engaged in transactions involving business or commercial real estate."
In the case at bar, Poulos alleges that Jones is engaged in the real estate and construction industry in the State of Connecticut. He claims also that Jones holds several, not one, pieces of property which are owned by Poulos, but which he has refused to convey. Allegedly among them is the "Railroad piece, " which Jones sold to the Town. (Complaint, seventh count, ¶ 8b.) Thus, this case does not involve an isolated sale of residential property by a person not engaged in business. As pleaded, it involves the sale of commercial property by a person engaged in business. Under the circumstances, the seventh count sufficiently states a CUTPA claim. The motion to strike this count is denied. Since CUTPA, at General Statutes § 42-110g(d), provides for the award of attorney's fees, the motion to strike paragraph 11 of the claim for relief is also denied.
 IV. Conclusion
For the reasons outlined above, Jones' motion to strike is hereby granted in part and denied in part. The first, fifth, and sixth counts of the complaint are stricken. The motion to strike the second and seventh counts and paragraph 11 of the prayer for relief is denied. It is so ordered.
BY THE COURT, CT Page 2570
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT