[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, John Faria, has brought a summary process action claiming possession of certain property owned by him at 416 Sylvan Avenue, Waterbury, Connecticut and occupied by the defendant, Maria Lourdes Rego. The defendant filed a cross-complaint alleging that the plaintiff holds title to the property as a constructive trustee for her and that he has been unjustly enriched as a result of the defendant's payments. The court finds the following facts. In June 1994, the plaintiff CT Page 5741-ck purchased in his name the home located at 416 Sylvan Avenue, Waterbury, Connecticut. The total down payment for the home was slightly in excess of $25,000. The plaintiff paid the down payment and obtained a mortgage for the balance of the purchase price. The plaintiff became aware of the availability of the property being for sale through the efforts of the defendant's husband who is a half-brother to the plaintiff. The defendant's husband learned of the fact that the property was for sale from the owner of the property. The defendant and her husband looked at the home several times before informing the plaintiff that it was for sale. In March 1994, the defendant's husband gave to the plaintiff a bank check in the amount of $25,000. The $25,000 was part of a net $31,000 settlement that the defendant and her husband had received in October 1993 as a result of a wrongful death action for the death of their son. Shortly after the plaintiff purchased the home, the defendant, her husband and children moved into the home. From that date until June 2000 the defendant and her husband paid all of the expenses regarding the property including the mortgage payments and costs of repairs and utilities.
In January 2000, the defendant commenced a dissolution action against her husband. The defendant, her husband and children continued to reside at the home while the dissolution was pending and continued to pay the mortgage, utilities and other household expenses. On or about May 20, 2000, the defendant's husband was arrested on charges involving domestic violence as a result of which a full protective order was issued against him. The defendant's husband vacated the premises in accordance with this protective order and moved in with the plaintiff where he continues to reside. The plaintiff served a notice to quit on the defendant and her husband on or about May 26, 2000. When the premises were not vacated, the plaintiff then served a summary process action. The plaintiff did not proceed with the first summary process complaint. The plaintiff hired an attorney and a new notice to quit and summary process was served which is the summary process presently before the court. The parties are in dispute as to whether the $25,000 turned over to the plaintiff was in repayment of outstanding loans from the plaintiff to the defendant's husband or was for the purpose of purchasing the property on the behalf of the defendant and her husband. From the evidence presented, the court finds that there were outstanding loans from the plaintiff to the defendant's husband as of the date the $25,000 was turned over to the plaintiff consisting of a $10,000 loan made in 1985 to allow the defendant's husband to go into business with two other partners, a $7,000 loan made in 1989 or 1990 to pay for bankruptcy expenses, a $3,000 loan in 1990 to pay for expenses related to the burial of the defendant and her husband's son, and a $5,000 loan made in 1992 to assist the CT Page 5741-cl defendant, the plaintiff and their family to move to France. The defendant was not aware of the fact that her husband owed John Faria $25,000 and she never consented to the $25,000 that was turned over to John Faria to be used to repay the debt her husband owed to him.
In discussing constructive trust, the court in Cohen v. Cohen,182 Conn. 193, 202-203 (1980), stated in part as follows:
 Although it is well settled that, in general, real property absolutely conveyed cannot be shown to be subject to an express trust created by parol agreement; General Statutes § 52-550; Hieble v. Hieble, 164 Conn. 56, 59, 316 A.2d 777 (1972); Worobey v. Sibieth, 136 Conn. 352, 355, 71 A.2d 80 (1949); exceptions to this rule have been recognized where an injustice, sufficient to raise an equitable trust, would otherwise result. Ibid. In such cases, a trust does not arise so much by reason of the parol agreement of the parties but by operation of law. Hieble v. Hieble, supra, 59; Restatement (Second), Trusts § 44 (comment a). In Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386, 122 N.E. 378
(1919), Judge Cardozo wrote: "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." See 5 Scott, Trusts (3d E.) § 462, p. 3413. The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. 5 Scott, op. Cit. § 462. Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. See, e.g., Cherno v. Dutch American Mercantile Corporation, 353 F.2d 147, 153 (2d Cir. 1965); Mellon National Bank Trust Co. v. Esler, 357 Pa. 525, 528-29, 55 A.2d 327 (1947); Restatement, Restitution (1937) § 160; 5 Scott, op. cit. §§ 462, 462.2; 30 C.J.S., Equity § 95, p. 1028. One holding title to property upon which a constructive trust is imposed is not compelled to reconvey the property because he CT Page 5741-cm is a constructive trustee; it is because he can be compelled to convey title to the property that he is a constructive trustee. 5 Scott, op. cit. § 462, p. 3413.
The defendant cites Gulack v. Gulack, 30 Conn. App. 305 (1993) in arguing that a constructive trust should be imposed. The Gulack court held in part at pages 310-11-12 as follows:
 The elements of a constructive trust are the intent by a grantor to benefit a third person, the transfer of property to another who stands in a confidential relationship to the grantor with the intent that the transferee will transfer the property to the third person, and the unjust enrichment of the transferee if the transferee is allowed to keep the property. A constructive trust is created by operation of law when these elements are present.
 Where the owner of an interest in land transfers in inter vivos to another upon an oral trust in favor of a third person or upon an oral agreement to convey the land to a third person, and the trust or agreement is unenforceable because of the Statute of Frauds, and the transferee refuses to perform the trust or agreement, he holds the interest upon a constructive trust for the third person, if . . . the transferee at the time of the transfer was in a confidential relation to the transferor. . . ." Restatement, Restitution § 183. A constructive trust is an equitable remedy imposed to prevent unjust enrichment. "`Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.'" Filosi v. Hawkins, 1 Conn. App. 634, 639, 474 A.2d 1261 (1984); see also Cohen v. Cohen, 182 Conn. 193, 203, 438 A.2d 55
(1980).
 Before a trial court finds that a constructive trust exists and should be imposed, the court must find that a confidential relationship existed between the transferor and the transferee at the time of the CT Page 5741-cn transfer of the property. Starzec v. Kida, 183 Conn. 41, 438 A.2d 1157 (1981); Filosi v. Hawkins, supra; Downey v. Downey, 1 Conn. App. 489, 472 A.2d 1296 (1984); Restatement Restitution § 183. The confidential or special relationship must be of a nature that generates a "`natural inclination to repose great confidence and trust.'" Filosi v. Hawkins, supra, quoting Cohen v. Cohen, supra. "A confidential relation exists not only where there is a fiduciary relation . . . but also where, because of family relationship . . . the transferor . . . is justified in placing confidence in the belief that the transferee will act in the interest of the transferor." Restatement, Restitution § 182, comment c. "Where the owner of land transfers it inter vivos to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed, the transferee will be compelled to hold the land upon a constructive trust for the third person, if the transferee at the time of the transfer was in a confidential relation to the transferor.
The court is not persuaded under the facts and law that a constructive trust should be imposed. When the property was conveyed to the plaintiff there was no intent on the part of the grantor to benefit the defendant. Further at the time of the transfer of the property, the plaintiff was not in a confidential relationship with the transferor. Finally the $25,000 paid over to the plaintiff was in repayment of outstanding loans and therefore the plaintiff will not be unjustly enriched if he is allowed to retain the property.
The defendant also argues that even if the $25,000 was for repayment of the loan, that a constructive trust still exists if the intent of the parties was for the plaintiff to buy the property for the defendant and he would be enriched by retaining ownership of the property. This argument fails for the following reasons; it was not the intent of the plaintiff to buy the property for the defendant; there was not a confidential relationship between the plaintiff and the defendant's husband at the time the $25,000 was turned over to the plaintiff in repayment of the loans; and for the further reason that the plaintiff would not be unjustly enriched by being allowed to retain the property.
The prayer for relief in the cross-complaint seeks a judgment ordering the plaintiff to transfer the property to the defendant. The prayer for CT Page 5741-co relief in the cross-complaint did not specifically request that a constructive trust be imposed. In a similar situation the court in Cohenv. Cohen, supra, at 200-201 stated in part as follows:
 The defendant also claims that the court erred in instructing the jury on the theory of a resulting trust. The defendant argues that because the plaintiff did not include a request for a resulting trust in her complaint the court's instruction on the theory was in error. We do not agree. We have said of the principles governing the imposition of a resulting trust: "When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money. . . . If it can be proved that the intention of the parties was otherwise, there is no resulting trust." Walter v. Home National Bank Trust Co., 148 Conn. 635, 638, 173 A.2d 503 (1961), quoted in Zack v. Guzauskas, 171 Conn. 98, 101, 368 A.2d 193
(1976). The facts alleged in the plaintiff's complaint amply support application of the principle of a resulting trust in this case. The plaintiff merely sought in her complaint the imposition of a trust in her favor, together with other equitable relief to which she may have been entitled. It was not necessary for the plaintiff to request specifically the remedy of a resulting trust, just as it was not necessary for her to request by name a constructive trust.
The court finds a resulting trust should not be imposed in this case since the funds to purchase the property was turned over to the plaintiff in repayment of a loan and was therefore not the funds of the defendant. Further, there was no intention of the parties either at the time the $25,000 was turned over to the plaintiff or at the time the plaintiff took title to the property that a resulting trust be imposed.
The court further finds that since June 30, 2000, that no money has been paid by the defendant or her husband for use and occupancy of the premises.
This court concludes that the plaintiff is the sole legal and equitable owner of the property which is the subject of this dispute. CT Page 5741-cp
 ORDER 1. Judgment may enter for the plaintiff on the complaint and on the counterclaim.
 2. The court finds that the reasonable sum for use and occupancy for the premises in dispute effective the date this decision is filed is $173.48 weekly with the defendant being responsible for all fuel oil, gas, water and cable t.v. for the premises. The defendant is ordered to pay said amounts to the clerk until such time as she vacates the premises. The plaintiff has the right to proceed to obtain an immediate execution for the premises.
AXELROD, J.