OAKHILL ASSOCIATES *v.* EDWARD A.
D'AMATO, SR., ET AL.
(14768)

BORDEN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued January 7—decision released March 15, 1994

*Richard P. Weinstein,* with whom, on the brief, was *Jennifer C. Jaff,* for the appellant (plaintiff).

*Richard C. Robinson,* for the appellees (defendants).

BERDON, J. The sole issue in this appeal is whether the Appellate Court correctly concluded that the trial court's misallocation of the burden of proof regarding liability for breach of a fiduciary duty was harmless because the plaintiff failed to prove damages. We answer this question in the negative and therefore reverse the judgment of the Appellate Court.

The following facts were either found by the trial court or are undisputed. In 1987, the named defendant, Edward A. D'Amato, Sr., and three other individuals formed the plaintiff partnership, Oakhill Associates (Oakhill). In October, 1987, Oakhill entered into an oral agreement with the defendant D'Amato Construction Company (D'Amato Construction) to develop a building site. At all relevant times, D'Amato was a majority shareholder, principal, officer and director of D'Amato Construction and controlled its affairs. D'Amato Construction agreed that it would develop the site without making a profit, charging Oakhill only for labor, materials and a proportion of its overhead costs. The defendants substantially completed the work in February, 1988, and were paid approximately $298,000 by Oakhill.

On December 4, 1989, Oakhill filed a four count complaint against the defendants alleging a breach of contract, negligence, a breach of fiduciary duty and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. All four counts arose out of Oakhill's claim that the defendants had charged excessive amounts for the site development work and had failed to minimize the cost. At trial, Oakhill called an expert who testified that the reasonable cost of the work performed by the defendants was $208,000. The job superintendent for D'Amato Construction, who testified as an expert witness, claimed that Oakhill's expert had overlooked certain items that would add to the cost. The trial court found that the experts presented "equally credible evidence," and that when the items discussed by the defendants' expert were added to the $208,000 figure provided by Oakhill's expert, the total was "reasonably within the realm of that amount charged by the corporation of $298,000.00 plus or minus." The trial court then concluded that Oakhill had "failed to carry the burden [of proof] on any of the theories of liability set forth in its complaint."

Oakhill appealed to the Appellate Court claiming, inter alia, that the trial court had misallocated the burden of proof on the third count, which alleged a breach of a fiduciary duty by D'Amato. Oakhill argued that because D'Amato was a partner in Oakhill, D'Amato had the burden of proving his freedom from liability by clear and convincing evidence. The Appellate Court agreed with Oakhill that the trial court had misallocated the burden of proof on this issue, but held that the misallocation was harmless under "the unique circumstances of this particular case" in which "the evidence probative of liability was the very same evidence related to damages." *Oakhill Associates* v. *D'Amato*, 30 Conn. App. 356, 359, 620 A.2d 1294 (1993). Because Oakhill had failed to prove that the amounts charged for site development were unreasonable, the Appellate Court concluded that Oakhill had not satisfied its burden of proving damages and therefore affirmed the judgment of the trial court. Id. We granted Oakhill's petition for certification to appeal from the judgment of the Appellate Court.[1] We now reverse and remand the case for a new trial.

We agree with the Appellate Court that the trial court misallocated the burden of proof. This court recently reiterated that "[p]roof of a fiduciary relationship imposes a twofold burden on the fiduciary. First, the burden of proof shifts to the fiduciary; and second, the standard of proof is clear and convincing evidence. Once a fiduciary relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary. . . . Furthermore, the standard of proof for establishing fair dealing is not the ordinary standard

---

[1] Certification was limited to the following issue: "Whether the Appellate Court properly concluded that the trial court could misallocate the burden of proof regarding liability and still conclude that the plaintiff was not damaged?" *Oakhill Associates* v. *D'Amato*, 225 Conn. 926, 625 A.2d 826 (1993).

of proof of fair preponderance of the evidence, but requires proof either by clear and convincing evidence, clear and satisfactory evidence or clear, convincing and unequivocal evidence." (Citations omitted; internal quotation marks omitted.) *Konover Development Corp.* v. *Zeller*, 228 Conn. 206, 229–30, 635 A.2d 798 (1994). We have recognized that, generally, partners are "bound in a fiduciary relationship" and "act as trustees toward each other and toward the partnership." Id., 218; see also 59A Am. Jur. 2d, Partnership § 420 (1987). D'Amato does not dispute that he was a partner of, and therefore had a fiduciary relationship with, Oakhill.[2] Therefore, we agree with the Appellate Court that the trial court should have shifted to D'Amato the burden of proving fair dealing by clear and convincing evidence.

We disagree, however, with the Appellate Court's conclusion that the trial court's misallocation of the burden of proof was harmless. Oakhill's claim of breach of a fiduciary duty is predicated on the allegation that the defendants charged excessive amounts for the site development work. D'Amato concedes that, in order to establish fair dealing, he would have to produce clear and convincing evidence to justify the amounts charged for the work and to establish that his construction company did not benefit from the project at Oakhill's expense. There would be no need for Oakhill to establish loss separately because its damages would be measured by the amount of unjustifiable charges made or profits retained by the defendants. In other words, because in this case the issue of damages is intertwined with the liability issue, the extent of the failure of

---

[2] D'Amato concedes, for purposes of this appeal, that the trial court misallocated the burden of proof on liability to Oakhill. Because the burden does not shift to D'Amato until Oakhill establishes the existence of a fiduciary relationship, D'Amato also implicitly concedes that such a relationship has been established.

D'Amato's proof would automatically establish the magnitude of Oakhill's damage.[3] Under these circumstances, a misallocation of the burden of proof on liability clearly would not be harmless.

D'Amato claims, nevertheless, that a defendant fiduciary may legitimately defeat a plaintiff's claim without proving fair dealing if the fiduciary is able to prevent the plaintiff from proving by a preponderance of the evidence that it suffered damages. We disagree with this proposition as applied to the facts of this case because, under these facts, it would defeat the purpose of shifting the burden of proof. D'Amato could defeat Oakhill's claim by merely counterbalancing Oakhill's evidence that the amounts charged were unreasonable, or proving by a mere preponderance that the charges were reasonable. This would defeat the purpose of requiring that the fiduciary must prove fair dealing by clear and convincing evidence. This effect is underscored in this case because, as D'Amato concedes, precisely the same evidence is pertinent to both liability and damages.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to

---

[3] Two examples may be helpful. This case is akin to the situation in which a beneficiary entrusts a fiduciary with a sum of money to disburse on behalf of the beneficiary. In an action by the beneficiary for breach of a fiduciary duty, the fiduciary would be required to prove by clear and convincing evidence that the disbursements were made in the best interests of the beneficiary and that he or she did not gain personally. Any difference between the amount initially entrusted to the fiduciary and the amount of disbursements the fiduciary could justify with clear and convincing proof would be damages.

On the other hand, if the fiduciary were entrusted with a work of art and then lost it, his or her failure to prove freedom from liability would not establish damages. Under these circumstances, the beneficiary would have to establish damages separately by proving the value of the work of art by a preponderance of the evidence.

reverse the judgment of the trial court and to remand the case for a new trial on the third count of the plaintiff's complaint.

In this opinion the other justices concurred.