[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves the breakup of a partnership which had been formed between the plaintiff and the defendant for the purpose of owning and operating a package store known as "Your Bottle Shop" located in Milford, Connecticut. The partnership venture began in 1972 and lasted until November 1994 when for various reasons, some of which are known to the court, it broke up and subsequently the store was sold.
It is the plaintiff's claim that the business deteriorated because of the defendant Alan Pressler's mismanagement which resulted in considerable financial loss over several years prior to the sale and the plaintiff brings this action seeking restitution for his losses.
When the partnership was formed the principals, Lawrence Dietler, the plaintiff, and Alan Pressler agreed that Pressler would manage the store on a day-to-day basis and Dietler would provide the record-keeping aspects of the business. The partnership was on a 50/50 basis. Each brought to the business his own special skills; Pressler had been involved in retailing for some time and in particular the operation of a liquor store which he had previously owned in Fairfield, Connecticut. Dietler, a certified public accountant, had no prior experience in liquor store operations and engaged in an accounting practice in Fairfield, Connecticut. Accordingly, he brought those skills into the partnership for the purpose of maintaining the records. Each CT Page 3583 put in $15,000 as well as the partnership borrowing some additional capital and the enterprise commenced. Everything proceeded in an acceptable fashion apparently as no complaints were expressed until about June of 1992 when the plaintiff did a rundown on annual revenue for the operation for the years 1990, 1991 and 1992. (P. Ex. 5) Dietler by a note to Pressler dated June 15, 1992 set out the gross profit figures for those years from the records he maintained for the partnership and by a note written on the accounting sheet suggested that something was seriously amiss with the returns from the business and advanced the notion that perhaps Pressler was discounting too severely and/or someone was "Tapping the Till". Dietler suggested that Pressler take such steps as were appropriate to remedy the situation.
Prior to this the plaintiff had, in 1989, moved to Massachusetts and so for some years prior to this letter of June 1992 had not been proximate to the store's location and for some reason not made clear to the court an estrangement had developed between the parties and neither party had spoken to the other since 1989. The court presumes that this development did not result in any benefit towards advancing the partnership. In any event, the business continued to deteriorate as well as the relationship between the parties and in October 1994, upon application of the plaintiff to this court, one Robert Hillman, a certified public accountant, was appointed receiver and took over the operation of the store. The following month, November 1994, Pressler advised Hillman that he was giving up the business and planned on having some long-delayed surgery performed. In his testimony Pressler indicated that he left because he couldn't get along with the receiver and after running a store for 25 years "I didn't like to be told". Hillman asked Pressler to get someone to run the store but no one was produced and as a result the store was closed and Hillman changed the locks in order to prevent any unauthorized access. Subsequently, the store was sold in April 1995 for $75,000 plus the inventory and photographs offered in evidence by the subsequent purchaser Allen Vallillo (P. Ex. 13 A-K) clearly reflect the disordered condition of the store which undoubtedly had an affect upon its value for sale purposes. At the time when the store was in operation Vallillo testified that he had offered $125,000 plus the inventory for the store but nothing came of that transaction. This is, however, one indication of the value of the going business.
Pressler testified that prior to his departure in November CT Page 3584 1994 he was very aware of the poor financial condition of the store. His suppliers had put him on a C.O.D. basis as he had been posted for slow payment in May 1994. He claims that between 1990 and 1994 he put in $55,000 of his own money to keep the business afloat. This money, he testified, came from his father's estate, unbeknownst to cobeneficiaries.
As pointed out by counsel for the plaintiff, Mr. Dietler and Mr. Pressler upon the formation of this partnership, entered into a fiduciary relationship with each other. See Oakhill Associatesv. D'Amato, 228 Conn. 723, 727. Under the law at that point they "act as trustees toward each other and toward the partnership". They owe to each other the obligation of fair dealing.
In this case, the plaintiff claims to have established the relationship of a partnership between the parties (and this has been admitted by the defendant in response to paragraph two of the plaintiff's Fourth Count that "he owed a fiduciary duty to the plaintiff to operate the liquor store in a reasonably prudent manner".
According to Konover Development Corp. v. Zeller,228 Conn. 206, 229-30 once a fiduciary relationship is established the burden of proving fair dealing properly shifts to the fiduciary and the burden of proof requires on the part of the individual owing the duty of fair dealing to establish such by clear and convincing evidence or, clear, convincing and unequivocal evidence. The character of this evidence must then be significantly beyond the usual standard in a civil case of a preponderance of the evidence.
While the plaintiff filed a four count complaint the first two counts are concerned with a claim for appointment of a receiver, dissolution and winding up of the corporation which are no longer relevant as this has been accomplished by the sale of the business. The remaining counts are concerned with the plaintiffs claim for conversion (Third Count) and breach of fiduciary duty and damages as flowing therefrom. (Fourth Count)
The testimony and evidence support the plaintiff's claim of conversion. Plaintiff's Exhibit 6 shows a total of $15,500 withdrawn from Shawmut Bank on the account of Your Bottle Shop over a period from September 1994 to November 1994. Nothing has been offered in evidence to suggest where these funds of Your Bottle Shop went. Additionally, Mr. Pressler after he left the CT Page 3585 store sent out bills to certain charge customers requesting them to make payment direct to him as his home as he was selling the store. See Plaintiff's Exhibit 3. This does not smack of fair dealing with one's partner. The receiver was the proper recipient of these assets of the partnership.
A substantial loss was sustained by Your Bottle Shop over the holiday season of 1994. Hillman was forced to close the store when Mr. Pressler failed to show up on December 1, 1994 or failed to supply a substitute. He later claimed as set out over his signature in Plaintiff's Exhibit 4, a statement of claim to the Unemployment Commission, that the closing of the store was due to the receiver locking him out but the circumstances surrounding that episode suggest to the court that Mr. Pressler because of the appointment of a receiver essentially abandoned the business without adequate notice to either the plaintiff or the receiver resulting in the loss of the holiday business and the resultant deterioration of the premises. This resulted in a diminution of the value of the business for any future sale. This view as to the value of a "going business" as contrasted to a "closed store" was expressed by Thomas Richardson, a witness offered by the plaintiff who had 32 years experience in the retail liquor business.
The December sales loss was calculated to be $56,180 based upon evidence of prior years. The effect upon the value of the store in a "closed status" was an estimated reduction in value of at least $50,000 as later demonstrated by the eventual sales price which was in excess of that figure.
It is claimed by the plaintiff that he is due damages for the defendant Pressler's sale of products below cost for the final six months of the operation of the liquor store. The court does not view this claim as being evidence of a breach of a fiduciary duty but rather a desperate attempt on the part of Pressler to keep the store afloat and by so doing protect the assets of the partnership, however misguided that attempt might have been.
Accordingly, the court concludes from the evidence offered that the defendant breached his fiduciary duty to the plaintiff. As a result of these derelictions of the defendant the plaintiff has suffered 1) the loss of the $15,500 drawn from Shawmut Bank, 2) the loss of seasonal sales calculated to be $56,180 and 3) the diminution in the value of the business by the defendant's abandonment calculated to be $67,000 as testified to by Thomas CT Page 3586 Richardson and Allan Vallillo. These damages total $138,680. The plaintiff's loss is therefore 50% or $69,340.
While the defendant testified that he contributed $55,000 of someone's money there is nothing in the evidence to suggest that this contribution was made known to the plaintiff at the time it was made nor any evidence as to what use the funds were put nor any evidence beyond that of the plaintiff's unsupported testimony that the funds in fact went into the business and accordingly, the court declines to credit the defendant for this claimed contribution.
Judgment may enter in favor of the plaintiff for $69,340 plus costs.
George W. Ripley Judge Trial Referee