[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Defendants Costos Jones (Jones) and Donald M. Mecca (Mecca) have filed a motion to strike (#112), dated December 28, 2000, in which they seek to have the first, second, fifth, sixth, seventh, and tenth counts of plaintiff's revised complaint, dated December 13, 2000 (complaint), stricken for failure to state claims for which relief can be granted. They contend also that part of the complaint's prayer for relief, which seeks the award of attorneys' fees, should be stricken since there is no statutory or contractual basis on which to base such relief. As required by Practice Book § 10-42, the defendants filed a memorandum of law in support of their motion, and plaintiff (Poulos) has timely filed a memorandum in opposition. The motion was orally argued on January 16, 2001. For the reasons stated below, the motion is granted in part and denied in part.
 I. Facts
In the first count of his complaint, entitled "Breach of Contract," Poulos alleges that, on or before February 1, 1979, he, Mecca, and Jones agreed to be one-third partners concerning certain real property located in Plainville, Connecticut. (Complaint, first count, ¶¶ 1-2) (For ease of reference the property will be described as Property A) On February 1, 1979, Poulos and Mecca purchased the property and paid the purchase price. (Complaint, first count, ¶ 3) Poulos alleges that, at the time of the purchase, at Poulos' and Mecca's request, and "as accommodation" to Poulos, "it was agreed that the title to the property should be held" in Jones' name. (Complaint, first count, ¶ 4) He also claims that, since the date of purchase, he "has paid all costs and expenses included but not limited to obtaining approvals for the construction of CT Page 2571 condominiums taxes and insurance."(Complaint, first count, ¶ 5) Finally, as to the first count, Poulos alleges that Jones and Mecca, despite demand, "have failed and refused to convey to the Plaintiff his one third interest in the property." (Complaint, first count, ¶ 6).
In his second count, entitled "Constructive Trust," Poulos incorporates by reference the allegations of the first count and adds two additional paragraphs. In paragraph 7, Poulos alleges that he instructed the seller to convey the property "to the Defendant," presumably meaning Jones, "who agreed to hold the property in Trust for the Plaintiff and to convey it to the Plaintiff upon demand." In paragraph 8, Poulos alleges that Jones and Mecca "will be unjustly enriched if allowed to keep the property."
The fifth count, entitled "Negligence," incorporates paragraphs one through six of the first count and adds a paragraph 7: "[t]he defendants negligently failed to convey the property to the Plaintiff in that they knew or should have known that they had no right, title or interest in the property."
In the sixth count, which is also entitled "Breach of Contract," Poulos alleges that, in February, 1983, he negotiated the purchase of three vacant commercial building lots, "which were part of the first piece set forth in count one." (Complaint, sixth count, ¶ 1) (For ease of reference this property will be referred to as Property B.) Poulos further alleges in this paragraph that he took in a partner, Richard F. Corliss (Corliss), in whose name Poulos and Corliss agreed to place ownership of the three lots. (Complaint, sixth count, ¶ 1) In 1995, Corliss and Poulos agreed to sell "the entire parcel" to a corporation, the owners of which were Poulos, Jones, Mecca and Merwin A. Schaefer, Jr. (Schaefer). (Complaint, sixth count, ¶ 2) In 1998, Schaefer sold his one-fourth interest in the corporation, "leaving equal partners," Poulos, Jones, and Mecca. (Complaint, sixth count, ¶ 3) Earlier, in 1996, Poulos alleges that Jones and Mecca, without his permission or consent, quit-claimed the property to themselves. (Complaint, sixth count, ¶ 5)
In the seventh count, also entitled "Constructive Trust," Poulos incorporates paragraphs one through five of the sixth count and alleges that he instructed the seller to convey the property "to the Defendant who agreed to hold the property in Trust for the Plaintiff and to convey it to the Plaintiff upon demand." (Complaint, seventh count, ¶ 6) Although, as noted above, this count states that the subject property was originally placed in Corliss' name, the "Defendant" to whom Poulos refers as having agreed to hold the property in trust for Poulos is not identified. Finally, as to the seventh count, Poulos alleges that the defendants will be unjustly enriched if they are allowed to keep the CT Page 2572 property. (Complaint, seventh count, ¶ 7)
The tenth count, also entitled "Negligence," incorporates by reference paragraphs one through five of the sixth count. Then, although no paragraph 6 is listed, a paragraph 7 states that "[s]ince the demand, the Defendants have negligently failed to convey the property to the Plaintiff in that they knew or should have known that they had no right title or interest in the plaintiff's one third interest in the property." Included in the prayer for relief, at paragraph 10, is a request for attorney's fees.
 II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." LiljedahlBrothers, Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). A motion to strike admits all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 III. Discussion A.
"The defense of the Statute of Frauds may be raised by a motion to strike." (Internal quotation marks omitted.) Bombard v. IndustryRiggers, Inc., Superior Court, judicial district of Waterbury, Docket No. 97-0140181 (Jan. 5, 1998, Pellegrino, J.) Jones and Mecca argue that the first count is legally insufficient since, although it is styled as a breach of contract claim, and the subject matter involves a parcel of real property, no allegation is made that Jones and Mecca ever signed a writing concerning the same. See Defendants' Memorandum of Law (Defts. Memo.), pp. 5-6. General Statutes § 52-550(a) provides that: "No civil action may be maintained in the following cases unless the CT Page 2573 agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property. . . ." In response, Poulos, in his Memorandum of Law (Poulos Memo.), pp. 3-4, acknowledges the applicability of the Statute of Frauds, but contends that the part performance doctrine takes this situation outside the purview of the Statute.
Where one party has partly performed a contract to such an extent that the other party's repudiation of same would amount to a fraud, equity looks upon the agreement as removed from the Statute. See, Breen v.Phelps, 186 Conn. 86, 94, 439 A.2d 1066 (1986). "The acts of part performance must be of such a character that they can be reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute. [Citation omitted.] The question is whether the facts provable within the framework of the complaint, giving its allegations a construction as favorable to the plaintiff as reasonable, would bring his case within these principles." Id. Our Supreme Court noted that neither full payment of the purchase price, nor payment of property taxes on the land in question constituted sufficient acts of part performance to take a case out of the Statute. See id., 186 Conn. 94-95. In contrast, the construction of substantial improvements on the land and possession of the land were factual circumstances of enough significance to warrant removal from the Statute. Id. The court stated also that the modern trend is to focus on the concept as "an equitable doctrine designed to relieve one who has reasonably relied upon a promise of another from a substantial detriment entailed by the change of position so induced." Id., 186 Conn. 96
(footnote omitted). In reviewing the facts, "[t]he acts pleaded are not to be weighed separately but must be considered as a whole." Id.
Poulos has alleged, in the complaint, that he and Mecca paid the purchase price and, since the day of the purchase, he has paid all costs and expenses, Including obtaining approvals for the construction of condominiums, taxes, and insurance. Under the circumstances, obtaining municipal approvals for the construction of condominiums on the property may be construed as the equivalent of making substantial improvements. The count states facts which a trier "might reasonably conclude to be sufficient to remove the case from the operation of the statute of frauds." Breen v. Phelps, supra, 186 Conn. 96. Accordingly, the motion to strike the first count is denied.
 B.
Jones moves to strike the second count, claiming that the facts alleged are insufficient to impose a constructive trust. Defts. Memo., pp. 6-8. CT Page 2574 As our Supreme Court has written, quoting then-Judge Cardozo, "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." (Internal quotation marks omitted.) Cohen v. Cohen, 182 Conn. 193, 202, 438 A.2d 55
(1980).
Jones' argument is premised, in part, on the contention that a constructive trust may not be found where no intent to benefit a third party is at issue, citing Gulack v. Gulack, 30 Conn. App. 305, 620 A.2d 181
(1993). While that case does state that "[t]he elements of a constructive trust are the intent by a grantor to benefit a third person. . . .," id., 30 Conn. App. 310, the Supreme Court has found the existence of a constructive trust where no intent to benefit a third party was involved. See, Cohen v. Cohen, supra; Hieble v. Hieble, 164 Conn. 56,316 A.2d 777 (1972).
The argument is based also on the claim that the count contains only conclusory allegations, which are not sufficient to demonstrate that Jones and Mecca acquired and retained the property unjustly. As noted above, paragraph 4 alleges that Jones held title to the property as an accommodation to Poulos, paragraph 7 alleges that Jones agreed to hold the property in trust for Poulos and to convey it to him on demand, and paragraph 8 alleges that Jones and Mecca will be unjustly enriched if they are allowed to keep the property. Thus, Poulos sufficiently alleges that Jones and Mecca are wrongfully withholding from Poulos his share of Property A. See Wendell Corporation Trustee v. Thurston, 239 Conn. 109,113, 680 A.2d 1314 (1996). The motion to strike the second count is denied.
 C.
Jones and Mecca move to strike the fifth count, which is based on a claim of negligence. They contend that it fails to satisfy the Statute of Frauds for the same reasons they advance concerning the first count. For the reasons discussed concerning the first count, the motion to strike the fifth count is denied.
 D.
At oral argument, Poulos' counsel agreed that the sixth count may be stricken. Accordingly, the motion to strike the sixth count is granted.
 E. CT Page 2575
As to the seventh count, concerning constructive trust as to Property B, Jones and Mecca argue that it should be stricken for same reasons urged as to the second count. Poulos has alleged, in paragraph 1, that at the time of the 1983 purchase, he and Corliss agreed to place ownership of Property B in Corliss' name. Then, in paragraph 3, Poulos alleges that in 1998, he, Jones, and Mecca became equal partners concerning this property. However, in paragraph 6 he alleges that he instructed the seller to convey the property to an unnamed defendant who agreed to hold it in trust for Poulos and to convey it to him on demand. This allegation appears inherently inconsistent with the concept previously pleaded, within the same count, as to the agreement with Corliss, a non-party, at the time of the purchase, to put the property in his name. As such it renders the count unclear and confusing. Our Supreme Court has stated that ". . . in all cases where the claimed trust title to land is disputed, the facts from which such trust may be implied should be clearly and satisfactorily established." Hieble v. Hieble, 164 Conn. 56,63, 316 A.2d 777 (1972). For the reasons explained, this count does not satisfy this standard. Accordingly, the motion to strike the seventh count is granted.
 F.
The defendants argue that the tenth count, also termed a negligence count, should be stricken because it fails to allege a breach of a duty on their part. Poulos has alleged that he and the defendants were shareholders in a corporation which owned Property B and that the defendants quit-claimed the property to themselves. He has also alleged that he and the defendants became partners concerning the property. Our Supreme Court has stated that "partners are bound in a fiduciary relationship and act as trustees toward each other and toward the partnership." (Internal quotation marks omitted.) Oakhill Associates v.D'Amato, 228 Conn. 723, 727, 638 A.2d 31 (1994). Under the circumstances, Poulos sufficiently has alleged the existence of a duty between himself and the defendants. Likewise, by alleging that the defendants quit-claimed the property to themselves and that they failed to convey to Poulos his one-third interest in the property, he has adequately alleged a breach of duty. The motion to strike the tenth count is denied.
 G.
In his memorandum, Poulos agreed that paragraph 10 of the prayer for relief may be stricken. Poulos Memo., p. 8. Accordingly, the motion to strike that portion of the prayer for relief is granted.
 IV. Conclusion CT Page 2576
For the reasons outlined above, Jones' motion to strike is hereby granted in part and denied in part. The sixth and seventh counts of the complaint and paragraph 10 of the prayer for relief are stricken. The motion to strike the first, second, fifth, and tenth counts is denied. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT