[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Jeffrey Salazar (hereafter "Salazar") has filed a motion to strike counts two, three and four of the plaintiff, US Financial Group, Inc. "s (hereinafter "US'1) complaint. US filed an application for prejudgment remedies on June 7, 2000 which was granted on June 12, 2000. It subsequently filed a four count complaint on June 27, 2000, asserting four causes of action against Salazar including a partnership action pursuant to § 34-399 of the General Statutes, unjust enrichment, misappropriation of partnership opportunity and breach of good faith and fair dealing, respectively.[1] The attack on the complaint was directed at the referenced counts because Salazar claims that the plaintiff failed to make legally sufficient allegations to support the claims of unjust enrichment, misappropriation of partnership opportunity and breach of CT Page 4985 good faith and fair dealing.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
In count two, US simply incorporates the allegations from count one and claims it constitutes unjust enrichment. The pertinent allegations are that on or about May to, 2000, US and Salazar formed a partnership to provide or leverage funding equal to $7,500,000 at the request of RDC Corporation; that the oral partnership agreement provided for an equal division of all fees; that the defendant, in his role as partner, obtained a client, H.R.J., LLC, that wished to participate in the project by delivering $1,000,000; that the defendant sold the partnership rights to the project to RDC Corporation or its managing director prior to the project's completion and without the permission and consent of the partnership; and that the defendant received the money for the rights to the project and refused or neglected to pay one half to US.
"Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff. . . . The doctrine's three basic requirements are that (1) the defendant was benefited, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiffs detriment." (Citation omitted.)Gagne v. Vaccaro, 255 Conn. 390, 409 (2001).
In the present case, US fails to make any allegations that Salazar benefited from its conduct or that he unjustly failed to pay it for the benefits it conferred on him. "`The burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name . . . the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is [subject to a motion to strike].'"Turner Construction Co. v. Eppoliti, Inc., Superior Court, judicial CT Page 4986 district of Danbury (January 8, 1997, Moraghan, J.), quoting ResearchAssociates, Inc. v. New Haven Redevelopment Agency, 157 Conn. 587, 588-89
(1968). US has failed to sufficiently plead the necessary elements of unjust enrichment and the motion to strike count two is granted.
In count three, US again incorporates the allegations from count one and asserts a claim for "misappropriation of partnership opportunity." In count four, once more, by incorporating the allegations from count one, US asserts a claim labeled "breach of good faith and fair dealing." The legal sufficiency of count four will be first addressed. After incorporating the allegations from count one, it adds a claim that "said action constitutes a breach of the partner Salazar's obligation of good faith and fair dealing to his partner, US Financial." Salazar argues that US fails to allege the three necessary elements of a contract-based claim for breach of the implied covenant of good faith and fair dealing. The allegations it asserts in count four, however, essentially set forth a cause of action for breach of fiduciary duty, not breach of the duty of good faith and fair dealing that is inherent in every contract. See Guptav. New Britain General Hospital, 239 Conn. 574, 598 (1996) ("Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.) "The interpretation of pleadings is always a question for the court. . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 82-83 (1997). It must therefore assess whether the allegations are sufficient to state a cause of action for breach of fiduciary duty.
To assert a claim for breach of a fiduciary duty the plaintiff has the burden of proving the existence of a fiduciary relationship. See Murphyv. Wakelee, 247 Conn. 396, 400 (1998). "[A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Internal quotation marks omitted.) Konover Development Corp. v. Zeller,228 Conn. 206, 219 (1994). The Supreme Court has "recognized that, CT Page 4987 generally, partners are `bound in a fiduciary relationship' and `act as trustees toward each other and toward the partnership.'" OakhillAssociates v. D'Amato, 228 Conn. 723, 727 (1994).
"Proof of a fiduciary relationship . . . imposes a twofold burden on the fiduciary. First, the burden of proof shifts to the fiduciary; and second, the standard of proof [for establishing fair dealing] is clear and convincing evidence." Murphy v. Wakelee, supra, 247 Conn. 400. "The fiduciary duty comprises two prongs: a duty of care, and a duty of loyalty. . . . While the duty of care requires that the . . . fiduciaries exercise their best care and judgment . . . the duty of loyalty derives from the prohibition against self-dealing that inheres in the fiduciary relationship." (Internal quotation marks omitted.) Gurski v. Rosenblum Filan, LLC., Superior Court, Docket No. 179063 (February 23, 2001,D'Andrea, J.) (28 Conn.L.Rptr. 717).
US alleges that it formed a partnership with Salazar and that the purpose of that partnership was to leverage funding for a certain client. It further alleges that the partnership agreement provided that all fees earned would be equally divided and that Salazar, without the permission or consent of the partnership, sold its rights to the project and has refused or neglected to pay the partnership its share of the partnership assets. Although US does not expressly allege that a fiduciary duty existed, it is unnecessary to allege any promise or duty which the law implies from the facts pleaded. Section 10-4 of the Practice Book. Taking the allegations to be true, as the court must on a motion to strike, US has sufficiently pleaded the existence of a fiduciary relationship and Salazar's breach of that relationship. The allegations are sufficient to support a claim of breach of fiduciary duty. The motion to strike count four is denied.
As to count three, Salazar correctly argues that a separate cause of action for misappropriation of partnership opportunity does not exist in Connecticut. "[N]o separate cause of action exists in Connecticut for breach of the duty of loyalty. [T]he duty of loyalty derives from the prohibition against self-dealing that inheres in the fiduciary relationship. . . . Consequently, a breach of the duty of loyalty by a fiduciary is conduct which may give rise to a breach of fiduciary duty claim. Therefore, the duty of loyalty is actually a subset, or an element of, the breach of a fiduciary duty claim, rather than its own cause of action." Esposito v. Connecticut College, Superior Court, judicial district of New London at New London, Docket No. 543055 (February 10, 1999, Mihalakos, J.).
In the present case, the claim for usurpation of a partnership opportunity is essentially a claim against a partner for self-dealing. CT Page 4988 Therefore, this claim is a subset or element of the claim of breach of fiduciary duty asserted in count four. Count three is merely an extension of count four and the motion to strike count three is granted.
The motion to strike is, accordingly, granted as to counts two and three and denied as to count four.
 ___________________ Moraghan, J.T.R.