[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED RULING ON DEFENDANTS' MOTIONS TO STRIKE (#130 and #132)
The plaintiff, The Bank of New York as Trustee ("Bank"), filed a thirteen count revised complaint against the defendants, American Mortgage Services and American Mortgage Services Limited Partnership ("AMS"), Kim Simone ("Simone") and William Raveis Real Estate, Inc. ("Raveis"), on May 13, 2002, seeking to make claims of negligent misrepresentation, CUTPA violations and breach of fiduciary duty arising from a mortgage loan transaction alleged to have been originated by AMS. The Bank is alleged to be the owner and holder of certain notes and mortgages by virtue of an assignment on August 31, 1998 from National Funding a/k/a National Funding Mortgage Banker a/k/a Federal Mortgage Company of Connecticut, Inc. ("National Funding"). National Funding is not a defendant in this case.
AMS has moved to strike the first, second, fifth, sixth, ninth and tenth counts of the revised complaint. Raveis has moved to strike the third, seventh and eleventh counts of the revised complaint. The first, second and third counts claim negligent misrepresentation. The fifth, sixth and seventh counts claim a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq. The ninth, tenth and eleventh counts claim a breach of fiduciary duty by Simone and vicarious liability on the part of AMS and Raveis, respectively.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000); see also Practice Book § 10-39. The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, CT Page 14016 all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Doe v. Yale University, supra, 252 Conn. 667. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id. "A motion to strike, [however], is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The revised complaint alleges the following facts: In July 1998, Simone, a loan officer employed by the other defendants, interviewed and/or requested information from one Eugene Chimblo ("Chimblo") for the purpose of assisting him in obtaining a loan to purchase real property located at 933 Lake Avenue in Greenwich, Connecticut. (First count, ¶¶ 5, 6). On or about July 14, 1998, AMS issued a rate lock agreement to Chimblo for a loan in the amount of $1,512,500. (Id., ¶ 8). At the time or after the rate lock agreement was issued, Simone became aware of certain material facts involving the loan transaction, specifically, that: the loan-to-value ratio of the anticipated transaction was inconsistent with underwriting guidelines for nonowner occupied property under the terms of General Statutes § 36a-261; there were at least two purchase and sale agreements between the owner of the Greenwich property, Gerhard Hutter ("Hutter") and Chimblo — one indicating a purchase price of $1.8 million and another indicating a purchase price of $2.75 million; Hutter would retain possession of the premises but not have legal title; Hutter would engage in subordinate financing with Chimblo, by placing a mortgage on the premises, although such subordinate financing was inconsistent with underwriting criteria; and the contemplated transaction did not meet the underwriting criteria of AMS so another lender was to be sought to close the transaction while AMS earned an origination fee. (Id., ¶ 9(a)-(e)). This information was not disclosed to the Bank. (Id. ¶ 20(a)-(e)). Simone processed the loan and ultimate referred it to National Funding. (Id., ¶ 10). On or about August 31, 1998 a series of loan transactions closed as follows: Chimblo executed a note and first mortgage in the amount of $1,512,500 borrowed from National Funding and also executed a second note and mortgage in the amount of $137,500 also borrowed from National Funding with the funds for the transactions being provided by IndyMacBank, FSB which has a limited power of attorney for the Bank. (Id., ¶¶ 12, 13, 14, 15, 17). The Bank is the owner and holder of both notes and mortgages by virtue of an assignment from National Funding dated August 31, 1998. (Id., ¶¶ 18, 19). All the transactions were recorded on the Greenwich land records. On or about August 31, 1998, AMS was paid an origination fee in the amount of $30,610. (Id., ¶ 16). The Bank is the owner of CT Page 14017 the premises having foreclosed on the first mortgage. (Id. ¶ 21).
The court heard oral argument on the motion to strike on October 7, 2002 and ruled from the bench that the first, second and third counts were stricken for failing to allege an essential element of negligent misrepresentation, specifically the element of justified or reasonable reliance. The tort of negligent misrepresentation is derived from § 552 of the Restatement Second of Torts (1979), which provides that: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.) See e.g., Citino v.Redevelopment Agency, 51 Conn. App. 262, 273, 721 A.2d 1197 (1998). It has long been held that although "no special relationship is required to state a claim of negligent misrepresentation, the plaintiff must allege and prove that the reliance on the misstatement was justified or reasonable." Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,579, 657 A.2d 212 (1995). There are no allegation in the first, second or third counts that the Bank relied on Simone's disclosure or lack of disclosure and that its reliance was reasonable or justified and, accordingly, the first, second and third counts are stricken.
The defendants originally claimed two separate grounds to strike the CUTPA counts, but conceded at oral argument that the Appellate Court's recent decision in Johnson Electric Co. v. Salce Contracting Associates,Inc., 72 Conn. App. 342, ___ A.2d ___ (2002), has affirmatively answered the question of whether conduct that consists of a single act may violate CUTPA. Their remaining claim is that the CUTPA counts are not pled with the particularity required to evaluate the viability of the CUTPA claim.S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). The court agrees. The gravamen of the Bank's allegations is that Simone failed to disclose certain material facts which, if known, would have, among other things, revealed that the loan transaction was inconsistent with underwriting and statutory criteria. Such non-disclosure could amount to a CUTPA violation if Simone, AMS or Raveis had a duty to disclose this information to the Bank or its assignor under the circumstances. Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 46, 717 A.2d 77
(1998); Normand Josef Enterprises, Inc. v. Connecticut National Bank,230 Conn. 486, 523, 646 A.2d 1289 (1994); Southington Savings Bank v.Rodgers, 40 Conn. App. 23, 28, 668 A.2d 733 (1995), cert. denied,236 Conn. 908 (1996). The court cannot imply such a duty from the facts CT Page 14018 alleged. Furthermore, although facts establishing negligent misrepresentation can satisfy the criteria of the "cigarette rule," seePrishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 582, 636 A.2d 1383
(1994), the allegations of this complaint are insufficient to test for the presence of the requisite criteria. Accordingly, the fifth, sixth and seventh counts are stricken.
The defendants have moved to strike the ninth, tenth and eleventh counts on the ground that there are insufficient facts alleged to establish the existence of a fiduciary duty. "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other."Dunham v. Dunham, 204 Conn. 303, 322, 528 A.2d 1123 (1987). It is firmly established that "not all business relationships implicate the duty of a fiduciary." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 38,761 A.2d 1268 (2000). In this case, the Bank and the defendants are not in the kind of a relationship in which a fiduciary duty is automatic, such as a partnership or trusteeship. See Oakhill Associates v. D'Amato,228 Conn. 723, 727, 638 A.2d 31 (1994); Konover Development Corp. v.Zeller, 228 Conn. 206, 218-19, 635 A.2d 798 (1994). There are no allegations that the Bank and the defendants entered into an agreement imposing a fiduciary duty on the defendants. See Citibank v. Gifesman,63 Conn. App. 188, 197, 773 A.2d 993 (2001). Finally, the facts alleged are insufficient to imply the existence of a fiduciary duty. "The law will imply [fiduciary responsibilities] only where one party to a relationship is unable to fully protect its interests [or where one party has a high degree of control over the property or subject matter of another] and the unprotected party has placed its trust and confidence in the other." (Internal citation omitted; internal quotation marks omitted.) Hi-Ho Tower, Inc. v. Com-Tronics, Inc., supra, 225 Conn. 41. Accordingly, the ninth, tenth and eleventh counts are stricken.
In sum, the court grants the motions to strike and the first, second, third, fifth, sixth, seventh, ninth, tenth and eleventh counts of the revised complaint dated May 13, 2002 are stricken.
___________________ LINDA K. LAGER, JUDGE CT Page 14019